UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RIKISHA S. SMITH et al.,

                                Plaintiffs,

         v.                                     5:18-CV-1252
                                                              (LEK/ATB)

PRESIDENT GEORGE BUSH, et al.,

                                Defendants.

---

RIKISHA S. SMITH, SLH, AIL, SJH, APH, PIL, and "The Children Rainbow No #'s," Plaintiffs pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiffs Rikisha S. Smith, individuals who may be her children - SLH, AIL, SJH, APH, PIL - and "The Children Rainbow No #'s," together with a motion to proceed in forma pauperis ("IFP"), signed only by plaintiff Smith. (Dkt. No. 1, 2). For the following reasons, this court will grant plaintiff Smith's IFP application, but will recommend dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## I.    In Forma Pauperis ("IFP") Application

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Whitfield v. Lopez*, No. 15-CV-4827, 2015 WL 6128866, at *3

(E.D.N.Y. Oct. 16, 2015) (citing inter alia Fed. R. Civ. P. 8(a)(2)).  The purpose of Rule 8 is to give fair notice of the claim being asserted so as to permit the adverse part the opportunity to file an answer and prepare a defense. *Hudson v. Artuz*, No. 98 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).  The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   Representation

### A.   Legal Standards

It is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself.[1] *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654.  In particular, a non-attorney parent may not appear pro se on behalf of a minor child. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990).  Courts have a duty to enforce this rule sua sponte in order to protect the legal interests of children. *See Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  A non-attorney is also prohibited from representing a corporation or a partnership. *Wilson v. Neighborhood Restore Dev.*, No. 18-CV-1172, 2018 WL 2390143, at *2 (E.D.N.Y. May 15, 2018) (citing inter alia *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

### B.   Application

In this case, plaintiff Rikisha Smith appears to be attempting to bring an action

---

[1] A limited exception exists if an individual appears for an estate in which there are no other beneficiaries or creditors. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010).  The exception is not applicable to this case.

on her behalf, on behalf of five minor children,[2] and on behalf of what appears to be an organization of some sort. (Complaint ("Compl.") *generally*) (Dkt. No. 1). It is clear that plaintiff Smith may not represent her children. Depending upon the organization, it is also doubtful that plaintiff may represent "The Children Rainbow #'s."[3]

Generally, the court would determine whether to appoint counsel on behalf of the children or would recommend dismissing the entire action without prejudice so that Ms. Smith could obtain counsel for herself, the children, and the organization. However, as discussed below, this action is so frivolous that the court would deny any appointment of counsel[4] and must recommend dismissing with prejudice as against Ms. Smith. Although the court must recommend dismissing without prejudice as against the children,[5] there is no way that this complaint may be amended to state a claim.

## III. Complaint

Plaintiff Smith's complaint is incomprehensible. She has obtained every form-complaint from the Clerk's office, including instruction sheets, and has filed them in

---

[2] Although it is unclear how old the children are, they appear to be minors, given the redaction of their names. Only Ms. Smith has signed the documents in this case. Because they are likely minors, the children may not represent themselves.

[3] Plaintiff has not described this organization's structure or its purpose.

[4] Although one of the random pages in plaintiff's complaint is a page from a form-motion for appointment of counsel, (Compl. at 10), Ms. Smith has not made a separate motion asking for an attorney. Even if this court were to consider plaintiff's motion a proper request for appointment of counsel, it would have to be denied. The first requirement for appointment of counsel is that the case have "substance." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)). Because this court finds that the complaint is frivolous, plaintiff cannot meet the first requirement for appointment of counsel, and any such request would be denied.

[5] *See Haque v. Bush*, No. 17-CV-6043, 2017 WL 8780797, at *1 & n.1 (E.D.N.Y. Nov. 16, 2017) (dismissing frivolous action with prejudice as against parents, but dismissing without prejudice as against the minor children) (citations omitted).

random order, interspersing letters from the Clerk and instruction sheets from the form-complaints. This approximately sixty-six page accumulation of documents is difficult to read, at best, although the court has reviewed it with the utmost liberality. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (pro se pleadings are interpreted to raise the strongest arguments they suggest).

Plaintiff has named former presidents, George W. Bush and Barak Obama, as defendants. Plaintiff has also named current President Donald Trump and the "Supreme Courts President-Assigned." Plaintiff has also sued some allegedly "Satanic" doctors from the Food and Drug Administration ("FDA").

The complaint does not actually begin until page five as numbered by the court's electronic filing system. ("CM/ECF"). The previous pages include letters from the Clerk of the Court to plaintiff, the front page of General Order 18 (Social Security Order), instructions on avoiding unnecessary costs of serving the summons, and a memorandum from the Clerk returning some money that plaintiff apparently sent to the court for no reason. (Compl. at 1-4).

The fifth page of the complaint appears to be a page from a form-employment discrimination case in which plaintiff states that defendants are "repeating history," "repeating slavery," and "breaking statutes laws [sic]." Plaintiff then states that everyone with a president's birth date or death date are all "Satan," "Satanic" Devil. (*Id.*) Plaintiff states that the crucified Jesus is all around her, and that she has had no privacy right since 2001, and that "Gang Immortals Army is Boot Camp." (*Id.*) The next page is a Marshal's form for "Process Receipt and Return," upon which plaintiff has written her name as plaintiff and former President Obama's name as defendant.

(Compl. at 6). Plaintiff then states, inter alia, that "2001 The army is a 'Gang Boot Camp.'" (*Id.*) Under the section for "special instructions,"[6] plaintiff has written "not guilty until proven innocent (lead poison possessed)" and "civil rights lawyer criminal justice." (*Id.*)

The next page lists former presidents Bush and Obama, but instead of an address for these defendants, plaintiff writes "army 'Gang' 2001 (213) (215) Boot Camp Immortals Breaking Statue [sic] laws" under defendant Bush's name. (Compl. at 7). Plaintiff writes "president day" under defendant Obama's name, with th word - "army," written on the space left for the defendant's address. (*Id.*) On other pages, plaintiff lists unknown individuals under "Facts" with numbers and "Idol www." next to their names. (Compl. at 8). Then plaintiff has attached a typewritten sheet which contains "definitions" of "master's," "bachelor's," and "associate's" degrees. (Compl. at 9). Although the court will not repeat all of these "definitions," plaintiff states that the definition of "master's" degree "really means having license to practice black magic and having the power to control someone else's mind, such as telepathic powers or mentalists or shrinks." (*Id.*)

Plaintiff has also included the first page of an Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. form-complaint in which she lists two of her children as plaintiffs. (Compl. at 12). The next page appears to be a page from the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634(b), and plaintiff states that "my date of birth is 1985," and "[m]y age at the time of the alleged

---

[6] This form is a USM 285 form which is used by the Clerk and the Marshal when the summons and complaint is served on a defendant. The "special instructions" refer to instructions for service of process.

discriminatory act was "16." (Compl. at 13).  The facts on the page do not relate to age discrimination, rather they mention, inter alia, the "patriots [sic] act" and talk about repeating history and slavery, breaking "statue [sic] law," and telepathics stealing souls. (*Id.*)  On one of the following pages, plaintiff lists defendant Trump and the "Suprem [sic] Courts president."  On this page, plaintiff has checked "Unequal terms and conditions of employment," without any explanation. (Compl. at 15).

The "complaint" contains a myriad of clearly frivolous and nonsensical statements which do not appear to have any connection to any of the defendants.  Plaintiff's "recurrent" themes appear to be slavery repeating itself, laws being broken, conspiracies to repeat history, patriots rights, lead poisoning of her children and herself, soul collectors, injecting her children, changing her medical records, forging her signature, and lying under oath.[7] (*See e.g.* Compl. at 32, 38, 42, 48, 50, 55, 57, 66).  Plaintiff accuses defendants of "murda [sic]," injections, and led poisoning. (Compl. at 57).  She states that someone was "sexual assaulted Telepathic" and subjected to "Harassment Telepathic," Robbery, and passing [sic] her children with lead poison to "steel our souls." (Comp. at 57).  Ms. Smith has not associated any wrong doing with a specific defendant, so it would be impossible for anyone to formulate an answer or a defense to these "allegations."

This is clearly the type of complaint that should be dismissed pursuant to Rule 8, in addition to various other bases for dismissal.  Plaintiff has not alleged any form of violation, civil rights, employment, or otherwise.  She has written down in

---

[7] This is by no means a complete description of the document that has been filed as the complaint in this action.  For more specifics, reference is made to the actual document. (Dkt. No. 1).

incomprehensible stream-of-consciousness form everything that she claims is happening or has happened,[8] and apparently has associated these facts with former presidents, the current president, and doctors from the FDA. She has also failed to request any form of relief. This court has no option but to recommend dismissal.

## IV. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

After a very careful review of this complaint, this court finds that there is no possible amendment to this complaint that this plaintiff can propose that would state a claim against any of the defendants listed. Plaintiff's allegations of conspiracy, slavery, devils, and telepathic assaults are exactly the type of claims that the courts refer to as "fanciful" or "frivolous," and clearly not "plausible" on their face. Such claims cannot be cured by amendment and must be dismissed without leave to replead.[9] *Denton v.*

---

[8] Apparently, plaintiff's claims against former president Bush may date back to 2001. Because it is completely unclear what plaintiff may be trying to allege, the court will not even attempt to discuss the statute of limitations.

[9] In addition, the court notes that none of the defendants reside in the Northern District of New York. The venue provision provides that a civil action may be brought
    (b) . . . in   (1) a judicial district in which any defendant resides, if all

*Hernandez*, 504 U.S. 25, 32 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional").

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's Smith's application to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE WITH RESPECT TO PLAINTIFF SMITH AND THE CHILDREN RAINBOW #'S pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT[10] PREJUDICE WITH RESPECT TO PLAINTIFFS SLH, AIL, SJH,**

---

defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. If plaintiff's complaint made any sense, it could be argued that the Northern District of New York is the district where a substantial part of the events or omissions giving rise to the claim occurred even though none of the defendants reside in New York. However, as stated above, plaintiff has not established how any of these defendants were responsible for any of plaintiff's delusional claims.

[10] Although this court is recommending dismissal without prejudice as to the apparently minor children, in order for the children to return to court, they must be represented by licensed counsel, and they must actually state a non-frivolous claim, which, on the allegations in the complaint, is highly unlikely.

**APH, PIL pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)**, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff Smith.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 1, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge